Case 5:26-cv-00004   Document 14   Filed 01/27/26 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
January 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **JESUS ENRIQUE CHACIN PRIETO,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | **CIVIL ACTION NO. 5:26-CV-004** | |
| § | | |
| **WARDEN OF LA SALLE COUNTY** § | | |
| **REGIONAL DETENTION CENTER,** § | | |
| **ET AL.,** § | | |
| § | | |
| Respondents. § | | |

## MEMORANDUM OPINION AND ORDER

Petitioner Jesus Enrique Chacin Prieto is currently in federal immigration custody. (Dkt. Nos. 1, 13). Before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. No. 12). The issue before the Court is whether Petitioner, an undocumented immigrant, is entitled to a bond hearing before an Immigration Judge. This Court is not considering whether Petitioner should be released on bond, as that decision lies with an Immigration Judge.

### I. BACKGROUND

Petitioner, a citizen of Venezuela, challenges his ongoing detention without a bond hearing and Respondents' statutory authority to detain him. Petitioner entered the United States without inspection near Del Rio, Texas, on or about July 2, 2021. (Dkt. No. 1 at 3; *see also* Dkt. No. 12-1 at 1).[1] Since entering without inspection, Petitioner filed an application for asylum and received employment authorization. (Dkt. No. 1 at 3). He has

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

no known criminal history.

On November 25, 2025, Petitioner was detained by U.S. Immigration and Customs Enforcement (ICE). (*Id.*). That same day, he was served a Notice to Appear (NTA). (*Id.* at 12-1 at 1). The NTA alleges that he is a "an alien present in the United States who has not been admitted or paroled." (*Id.*). At the time his federal custody began, Petitioner had been residing in the United States for over four years.

Petitioner filed the instant petition for a writ of habeas corpus, asserting that he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (Dkt. No. 1). He requests, among other things, that the Court issue an order requiring Respondents to release him or, alternatively, provide a bond hearing within seven days. Petitioner filed the petition while he was detained at La Salle County Regional Detention Center in Encinal, Texas. (Dkt. No. 1 at 1). Petitioner was later transferred to another detention facility: Karnes County Immigration Processing Center in Karnes City, Texas. (Dkt. No. 13 at 1).[2]

## II. LEGAL STANDARDS

### A. Rule 56 Motion for Summary Judgment

A "court shall grant summary judgment if the movant shows that there is no genuine dispute of any material fact, and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must consider the record as a whole to determine whether a genuine dispute exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). However, the Court must view the facts in the light most favorable to the non-moving party. *Valderas v. City of Lubbock*, 937 F.3d 384, 389 (5th Cir. 2019).

### B. 28 U.S.C. Section 2241

A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. Historically, "the

---

[2] On January 6, 2026, the Court ordered Respondents to notify Petitioner and the Court of any anticipated or planned transfer or removal of Petitioner outside the Southern District of Texas at least five days before any such transfer. (Dkt. No. 4 at 3). On January 8, 2026, Petitioner was transferred to a detention facility outside the Southern District of Texas. (Dkt. No. 13 at 1). The Court recognizes that Respondents were likely not served the Order with sufficient time to notify the Court of Petitioner's transfer. However, the Court admonishes Respondents for their failure to notify the Court of Petitioner's change in custody after the transfer occurred, which would have been appropriate to include in their response to the petition, (Dkt. No. 11 at 1 (where Respondents represented to the Court that Petitioner was "presently detained at the La Salle County Regional Detention Center in Encinal, Texas")), or in an advisory to the Court in the nineteen days since Petitioner's transfer, considering potential jurisdictional issues.

writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005).

### C. 8 U.S.C. Sections 1226 and 1225

Section 1226 provides the general process for arresting and detaining noncitizens who are present in the United States and eligible for removal. 8 U.S.C. § 1226. The Supreme Court has explained that Section 1226(a) "sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting § 1226(a)). "[T]he Attorney General may release an alien detained under § 1226(a) on bond or conditional parole." *Jennings*, 583 U.S. at 288 (citation modified). But "aliens who are covered by § 1225(b)(2) are detained pursuant to a different process" and "'shall be detained for a [removal] proceeding' if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted' into the country." *Id.* (quoting § 1225(b)(2)(A)). Hence, "noncitizens detained under Section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under Section 1226(a) are entitled to a bond hearing before an [Immigration Judge (IJ)] at any time before entry of a final removal order." *See Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1247 (W.D. Wash. 2025).

### III. DISCUSSION

Respondents request that the Court deny the petition and grant summary judgment, asserting that Petitioner failed to exhaust administrative remedies and that he is properly detained under 8 U.S.C. § 1225. Before addressing the merits of Respondents' motion and the underlying petition, the Court considers its jurisdiction to hear the petition and the effect of a recently certified class.

### A. The Court Retains Jurisdiction over the Petition

"The only district that may consider a habeas corpus challenge to present physical

confinement pursuant to § 2241 is the district in which the [petitioner] is confined." *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) (first citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004); and then *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001). Though, so long as the petitioner was detained in the district where the petition was filed at the time of filing, the district court in the original district of confinement has jurisdiction to hear the petition even after subsequent transfer. *See Owens v. Roy*, 394 F. App'x 61, 62–63 (5th Cir. 2010) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004)); *see also Pena Ramirez v. Noem*, No. CV H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) ("When a person detained in one federal district files a petition for writ of habeas corpus in that district, the court in that district does not lose jurisdiction to rule on that petition if the petitioner is later moved to a different district.").

On January 5, 2026, the date the instant petition was filed, Petitioner was detained at La Salle County Regional Detention Center in La Salle County, which sits within the Laredo Division of the Southern District of Texas. (Dkt. No. 1 at 5; 28 U.S.C. § 124(b)(3)). On January 8, 2026, Petitioner was transferred to the Karnes County Immigration Processing Center in Karnes County, which sits within the San Antonio Division of the Western District of Texas. (Dkt. No. 13 at 1; 28 U.S.C. § 124(d)(4)). Although Petitioner was transferred to a detention center in the Western District of Texas, he was detained within the Southern District of Texas at the time he filed his petition, so the Court retains jurisdiction over the petition.

### B. Effect of the *Maldonado Bautista* Class Action

On November 25, 2025, a district court in the Central District of California certified a nationwide class under Rule 23(b)(2). *Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (certifying a class including "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination").

That court previously granted petitioners partial summary judgment and then

"extend[ed] the same declaratory relief granted to Petitioners to the Bond Eligible Class as a whole." *Id.*; *Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025). The declaratory relief granted states that Respondents' new interpretation and mandatory detention policy under Section 1225(b)(2) is unlawful. *Maldonado Bautista*, 2025 WL 3289861, at *5, 11. The court there recently entered a final judgment declaring that the Bond Eligible Class is not subject to mandatory detention, vacating Respondents' policy as contrary to law, and certifying the claims for appeal. *Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025). According to the docket sheet, Respondents in that case filed a notice of appeal to the Ninth Circuit.

Respondents contend that Petitioner is a class member, and the Court agrees. However, Respondents argue that the Court is not bound by the judgment in the class action. Whether the Court is bound by the court's orders in *Maldonado Bautista* or not, the outcome of the petition in this instant case is the same: Petitioner is entitled to a bond hearing. Even assuming that the Court is not bound by the final judgment, the Court reaches the same conclusion in finding that Petitioner is detained unlawfully under Section 1225(b)(2)(A) based on the independent grounds stated below.

### C. Petitioner Is Not Required to Exhaust Administrative Remedies

Respondents first argue that the petition should be dismissed for failure to exhaust administrative remedies. However, exhausting his remedies would be futile under the BIA's decision in *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (BIA 2025), which held that IJs do not have jurisdiction to consider bond requests from detained noncitizens who are present in the United States without admission.

This Court, along with others, has previously analyzed exhaustion of administrative remedies prior to filing Section 2241 habeas petitions regarding the denial of bond hearings.[3] As noted in those cases, there is no statutory requirement to exhaust remedies for alien detention claims; rather, "[u]nder the INA exhaustion of administrative remedies is only required by Congress for appeals on final orders of removal." *Lopez-Arevelo v. Ripa*, No. EP-25-CV-337, 2025 WL 2691828, at *6 (W.D. Tex.

---

[3] *See, e.g.*, *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950096 (S.D. Tex. Oct. 3, 2025); *Perdomo Flores v. Noem*, No. 5:25-CV-162, slip op. at 5 (S.D. Tex. Nov. 25, 2025).

Sep. 22, 2025) (quoting *Garza-Garcia v. Moore*, 539 F. Supp. 2d 899, 904 (S.D. Tex. 2007)); *see also* 8 U.S.C. § 1252(d)(1) ("A court may review *a final order of removal* only if . . . the alien has exhausted all administrative remedies.") (emphasis added).

Here, Petitioner is not asking the court to review a final removal order, so there is no statutory requirement to exhaust. Aside from statutory requirements, federal prisoners generally must exhaust administrative remedies before filing a Section 2241 habeas petition. *See, e.g.*, *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012). However, exhaustion may be waived "where the attempt to exhaust such remedies would itself be a patently futile course of action." *Id.* (citing *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).

Because the BIA has held that IJs lack jurisdiction to hear claims like Petitioner's, *Matter of Yajure Hurtado*, 29 I. & N. Dec. at 217, it would be patently futile to require him to seek relief in immigration court on this issue. The Court finds that, to the extent that prudential exhaustion of remedies would be required, it should be waived in this case.

### D. Petitioner Is Entitled to a Bond Hearing Under Section 1226(a)

Respondents also ask the Court to deny the petition and grant summary judgment on the basis that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225. The primary issue here is whether Petitioner has been erroneously categorized as a detainee subject to 8 U.S.C. § 1225(b)(2), which prescribes mandatory detention during removal proceedings, or if he is subject to 8 U.S.C. § 1226(a), which provides for discretionary detention and a bond hearing. Petitioner contends that he is entitled to a bond hearing under Section 1226(a), while Respondents argue that he is subject to mandatory detention under Section 1225(b)(2), and therefore not entitled to a bond hearing.

The Court has considered this issue in similar cases.[4] The substantial majority of district courts to consider this issue, including this Court, have concluded, "the statutory text, the statute's history, Congressional intent, and [Section] 1226(a)'s application for the past three decades" support application of Section 1226. *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (quoting *Pizarro Reyes*

---

[4] *See, e.g.*, *Padron Covarrubias*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Perdomo Flores*, No. 5:25-CV-162, slip op. (Nov. 25, 2025).

*v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *4 (E.D. Mich. Sep. 9, 2025) and citing *Lopez-Arevelo*, 2025 WL 2691828, at *7); *see also Rodriguez v. Bostock*, No. 3:25-CV-5240, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sep. 30, 2025) (collecting cases). Other courts have interpreted the statute differently, adopting Respondents' interpretation. *See, e.g.*, *Cabanas v. Bondi*, No. 4:25-CV-4830, 2025 WL 3171331 (S.D. Tex. Nov. 13, 2025); *Garibay-Robledo v. Noem*, No. 1:25-CV-177, slip op. (N.D. Tex. Oct. 24, 2025); *Chavez v. Noem*, No. 3:25-CV-2325, 2025 WL 2730228 (S.D. Cal. Sep. 24, 2025); *Vargas Lopez v. Trump*, No. 8:25CV526, 2025 WL 2780351 (D. Neb. Sep. 30, 2025).

Respondents ask the Court to reconsider its prior interpretation of the statute and rejection of Respondents' arguments. The Court is not persuaded by the analysis that Respondents' arguments rely on. The Court will not repeat in detail the "well-reasoned analyses" supporting its interpretation of the statute. *See Perdomo Flores*, No. 5:25-CV-162, slip op. (Nov. 25, 2025); *Buenrostro-Mendez*, 2025 WL 2886346, at *3 (citing *Chogllo Chafla v. Scott*, No. 2:25-CV-437, 2025 WL 2688541, at *5 (D. Me. Sep. 21, 2025)). Having considered the parties' arguments and evaluated the analyses of the various district courts around the country, the Court concludes that Section 1226(a) governs Petitioner's detention, and Petitioner is entitled to a bond hearing.

### E. Remedy

Because the Court finds that Petitioner's detention is properly construed as falling under Section 1226(a) and that he is entitled to a bond hearing, the Court grants Petitioner's petition for a writ of habeas corpus. A district court has equitable discretion in determining the appropriate remedy "as law and justice require" for unlawful detention in a habeas petition. *See Brown v. Davenport*, 596 U.S. 118, 127–28 (2022). The Court finds that the specific harm Petitioner suffered—unlawful detention without a bond hearing—is remedied by granting his request for a bond hearing under Section 1226(a) and enjoining Respondents from denying bond on the basis that he is detained under Section 1225. Given the liberty interest at stake, the Court finds that Respondents must provide Petitioner a bond hearing promptly, by the deadline ordered below.

Therefore, the Court, exercising its equitable discretion in fashioning appropriate habeas relief, further orders Respondents to immediately release Petitioner if a bond hearing is not provided by the deadline ordered below, unless and until it is determined

that he should be detained pursuant to the standard set forth in 8 U.S.C. § 1226.[5] *See e.g.*, *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *10 (E.D. Mich. Aug. 29, 2025); *Velasquez Salazar v. Dedos*, No. 1:25-CV-835, 2025 WL 2676729, at *9 (D.N.M. Sep. 17, 2025); *Kostak v. Trump*, No. CV 3:25-1093, 2025 WL 2472136, at *4 (W.D. La. Aug. 27, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *13.

## IV. CONCLUSION

For the foregoing reasons, Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. No. 12), is **DENIED**. Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), is **GRANTED in part and DENIED in part**.

The Court **ORDERS** Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) by **February 3, 2026.** If Petitioner is not provided a bond hearing, Respondents are **ORDERED** to release Petitioner by **February 3, 2026.**

No later than **February 6, 2026, at 5:00 p.m.,** Respondents shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Respondents should also notify the Court if the Government seeks a stay of the IJ's bond decision under 8 C.F.R. § 1003.19(i).

The Clerk of Court is **DIRECTED** to mail this Order to Petitioner via certified mail to his address on file with the Court, Karnes County Immigration Processing Center, 409 FM 144, Karnes City, TX 78118, return receipt requested.

It is so **ORDERED**.

**SIGNED** on January 27, 2026.

_____
John A. Kazen
United States District Judge

---

[5] Petitioner challenges his detention on both statutory and constitutional grounds. (Dkt. No. 1 at 4). The Court "will decline to decide the merits' of the due process claim 'given that the Court will grant the relief he seeks based on its interpretation of the applicability of § 1226(a).'" *Buenrostro-Mendez*, 2025 WL 2886346, at *3 n.4 (quoting *Pizarro Reyes*, 2025 WL 2609425, at *8).